UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re:

Kevin R. Tortorella,

                Debtor

Chapter 13

Case No. 17-11821-fjb

**DEBTOR'S MOTION TO EXTEND THE STAY
PURSUANT TO 11 U.S.C. §362(c)(3)
"REQUEST FOR EXPEDITED DETERMINATION"**

Now comes the Debtor herein and respectfully requests the Court to issue an order extending the stay, pursuant to 11 U.S.C. §362(c)(3)(B), and in support thereof states the following:

**REASONS FOR EXPEDITED DETERMINATION**
[pursuant to MLBR 9013-1(g)(C)]

1. The Debtor filed this bankruptcy petition on May 16, 2017 (the "2nd Case").

2. The Debtor previously filed bankruptcy case #17-10946-FJB under chapter 13 on March 20, 2017, which is now closed (the "1st Case").

3. Pursuant to 11 U.S.C. §362(c)(3)(A) the automatic stay under §362(a) shall terminate in the 2nd Case with respect to the debtor on the 30th day after the filing, or on June 15, 2017.

4. Once the stay terminates with respect to the debtor it will mean that "…suits against the debtor can commence or continue post-petition because 362(a)(1) is no longer applicable; judgments may be enforced against the debtor…collection actions may proceed against the debtor…and liens against the debtor's property may be created, perfected and enforced…" [quoting In Re Jumpp, 356 B.R. 789, at 795 (1st Cir. BAP 2006)].

5. Since the Debtor's business is essentially one active food truck that is used to generate revenue, any interference with that vehicle would be fatal to the success of the Debtor's business and the success of the chapter 13 plan to be proposed.

6. Since there is a secured note against the food truck to creditor Paul Linehan, and since Paul Linehan has already attempted to repossess said vehicle on May 15, 2017, after the 1st Case was dismissed and just prior to the 2nd Case being filed, there is no question that should the stay be terminated then Mr. Linehan will attempt to recover this asset immediately thereafter to the detriment of the Debtor and all the other creditors participating in this case.

7. Notwithstanding the minimal fair market value of the food truck itself, appraised at less than $10,000, it has exponential revenue generating capacity to produce enough funds for a viable plan, which will include the complete payoff to the secured creditor for the full secured value of this asset, along with payments to unsecured creditors who would otherwise get nothing if the Debtor were liquidated.

8. Consequently, it is imperative that an expedited determination regarding extending the stay be obtained on or before June 15, 2017, otherwise the single most important asset for the success of this case will be repossessed and the Debtor's case will dissolve into a chapter 7 with no dividend to unsecured creditors.

**GENERAL SUPPORT FOR THE MOTION REQUEST**

9. As stated above, the Debtor previously filed the 1st Case on March 20, 2017 and that case was dismissed on April 26, 2017:

(a) Notwithstanding the fact that the dismissal of the 1st Case was for the failure to file the standard schedules, statements and plan required in a timely manner, there was just cause for this failure as explained below in subparagraph 9(c)(i), and in the "Debtor's Affidavit in Support of Motion to Extend the Automatic Stay" attached hereto as **Exhibit A** (hereinafter "Affidavit").

(b) The Debtor has had no other pending bankruptcy cases in the preceding one-year period.

(c) This case was commenced in good faith, notwithstanding the presumption created by 11 U.S.C. §362(c)(3)(C), and the Debtor can present clear and convincing evidence of the following facts to rebut said presumption:

(i) The Debtor did not have any prior cases dismissed in the past year for any of the following reasons:

1. Failure to file or amend other required documents *without substantial excuse*; the Debtor's substantial excuse is that during the weeks leading up to, and immediately after the petition date of March 20, 2017, the Debtor was preoccupied with certain state court proceedings that were being advanced by a particular creditor, Paul and Susan Linehan, who pursued the Debtor so aggressively that they unfairly persuaded the Sharon Police to prosecute the Debtor criminally for a felony larceny charge (for the theft of a food truck, among other spurious charges), that they knew or had reason to know were false. Unfortunately for the Debtor, an attorney he hired to assist with this matter failed to follow through with promised assistance and the Debtor was left to

defend himself for a considerable period of time which consumed him financially and emotionally to such a degree that he was not able to function with normalcy, thereby impeding his ability to comply with his duties to gather preparatory documents for counsel to complete the required petition documents in time to meet the final deadline for same. Further exacerbating the issue of filing a timely chapter 13 plan was the fact that certain professionals did not timely complete required tax returns and certain property appraisals that would have a major effect upon the contents of the Chapter 13 Plan to be presented (and ultimately its viability), and during this period the Debtor was unable to exert the effort necessary to get these tasks completed. Consequently, it was impossible for Debtor's counsel to responsibly present an accurate chapter 13 plan, so, for strategic purposes, it was decided to let the case be dismissed in order to wait until all the necessary appraisals, tax returns, and other missing pieces of information were obtained before filing another case.

2. <u>Failure to provide adequate protection as ordered by the Court;</u>

3. <u>Failure to perform the terms of a plan confirmed by the Court;</u>

(ii) There has also been a substantial change in the financial or personal affairs of the Debtor since the dismissal of the prior case in that the Debtor's food truck business has come into its season and his revenue has been increasing such that the Debtor believes, and therefore avers, that his new

Chapter 13 case will result in a confirmed plan that will be fully performed. See "Affidavit" attached, and, finally,

(iii) The prior case had no pending Motions for Relief, or any other unresolved matters filed by any creditor therein.

10. In conclusion, from all the above and pursuant to 11 U.S.C. §362(c)(3)(B), the Debtor believes that he has demonstrated that the filing of the 2nd Case was done in total "good faith" with regard to the creditors to be stayed and he deserves an extension of the stay beyond June 15, 2017 (the 30 day expiration date of the current stay) to take effect against all creditors of the Debtor, but with particular attention to Paul and Susan Linehan. The undersigned counsel respectfully apologizes to the court for not filing this motion within the time frame of MLBR 4001-1(d)(2) however a severe flu interrupted his work flow for over a week (just after the filing of the 2nd Case) and being a solo practitioner with no staff it was not able to be done until now.

WHEREFORE, the Debtor prays that this Honorable Court order the extension of the stay powers of 11 U.S.C. §362(a) to be applied to all the Debtor's creditors beyond June 15, 2017, and for the duration of this case, unless and until the Court should order otherwise, and for such other and further relief as the Court deems just under the circumstances herein. (A proposed Order is included herewith).

Respectfully submitted,
Kevin R. Tortorella,
By his attorney,

/s/ Stephen M. Kaplan
Stephen M. Kaplan (BBO# 259220)
175 Highland Ave. – Suite 408
Needham, MA 02494

Date: June 8, 2017

ph: (781)248-6407  fax: (888)380-9457
Email: kaplanlawworks@aol.com
c:/tortorella/ch13/pleadings/motion to extend stay

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>Kevin R. Tortorella,<br><br>                 **Debtor** | Chapter 13<br><br>Case No. 17-11821-fjb |

### AFFIDAVIT OF DEBTOR IN SUPPORT OF
### MOTION TO EXTEND THE AUTOMATIC STAY
### PURSUANT TO 11 U.S.C. §362(c)(3)

Now comes the Debtor herein and in support of his motion to extend the automatic stay he states the following under oath:

1. I filed this bankruptcy petition on May 16, 2017.
2. I previously filed the following bankruptcy case within the preceding 12 months:
   (a) Chapter 13 case #17-10946-FJB was filed on March 20, 2017, and that case was dismissed on April 26, 2017.
3. I had no other pending bankruptcy cases in the preceding one-year period.
4. I have not had any cases dismissed in the past year for any of the following reasons:

   - <u>Failure to file or amend other required documents *without substantial excuse*</u>; My substantial excuse for failing to file the required documents is as follows: (a) during the weeks leading up to, and immediately after the petition date of March 20, 2017, I was preoccupied with certain state court proceedings that were being advanced by a particular creditor, Paul and Susan Linehan, who pursued me so aggressively at that time, both in a Norfolk County Superior Court civil case in which I had no representation and was unfairly manipulated into a settlement I didn't agree with, and then in a criminal case wherein the Linehans unfairly persuaded the Sharon Police to prosecute me for a felony larceny charge (for the theft of a food truck, among other spurious charges), that they knew or had reason

to know were false, and (b) Unfortunately for me, I had hired a Cambridge attorney, Aaron Arzu, to deal with other legal matters with the Lineheans and when he was supposed to be representing me to resolve the criminal cases he failed to follow through with promised assistance and I was unexpectedly left to defend myself which I was, frankly, unable to do, and (c) for a considerable period of time simultaneous with the first bankruptcy case, I was consumed by all these extraneous legal matters with the Linehans and the time and emotional toll it took away from my life affected my ability to function clearly and it impeded my ability to gather the necessary preparatory documents for my counsel to complete the required petition documents in time to meet the final deadline for same, including completing tax returns and obtaining important property appraisals which I simply lost control over during this period, however, (d) I have recently resolved the criminal matters with the aid of a helpful attorney friend and I have completed my tax returns and with the aid of property appraisals expected shortly I believe that I am now ready to present a viable and confirmable chapter 13 plan for acceptance by the court which is being presented herein in good faith, and I believe I deserve the opportunity to do that in a way that won't be interrupted by the interference of creditors, such as the Linehans, who will do everything to thwart my attempts to restructure myself just because they want to take advantage of me whenever they are able to do so.

- <u>Failure to provide adequate protection as ordered by the Court</u>, or
- <u>Failure to perform the terms of a plan confirmed by the Court</u>.

5. Furthermore, since the filing and dismissal of my prior case there has been a substantial change in my financial and personal affairs in that my food truck business has come into its season and my revenues have been increasing such that I believe, and therefore aver, that my new Chapter 13 case will result in a confirmed plan that will be fully performed. Also, my prior case was dismissed without there being any pending Motion For Relief filed by any creditor therein.

6. I believe that based upon the representations above I have clearly and convincingly shown that the presumption contained in 11 U.S.C. §362(c)(3)(C) has been rebutted and that I have filed my current case in "good faith."

I affirm under the pain and penalty of perjury that the foregoing is true and correct to the best of my information and belief.

Date: June 7, 2017

Debtor: _Kevin R. Tortorella_
Kevin R. Tortorella

**Ch. 13, Case No. 17-11821-fjb**

# CERTIFICATE OF SERVICE

I, Stephen M. Kaplan, hereby certify that on June 8, 2017 I electronically filed with the Clerk of the Bankruptcy Court the attached:

1. **DEBTORS' MOTION TO EXTEND THE STAY PURSUANT TO 11 U.S.C. §362(c)(3) including the Exhibit A Affidavit**

and, I served a copy of same upon the interested parties in the following manner:

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Carolyn Bankowski-13    13trustee@ch13boston.com
- Bertin C. Emmons    bemmons@santander.us
- John Fitzgerald    USTPRegion01.BO.ECF@USDOJ.GOV
- David B. Madoff    madoff@mandkllp.com, alston@mandkllp.com

## Manual Notice List

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service).

See the attached **CREDITOR SERVICE LIST** (containing all the creditors in this case) who have received notice of this motion by first class mail, postage prepaid, except for those parties listed above who received electronic notification.

/s/ *Stephen M Kaplan*
Stephen M. Kaplan (BBO#259220)
c:/tortorella/ch13/pleadings/mot to extend the stay

CREDITOR SERVICE LIST – Case No. 17-11821-FJB

American Express
PO Box 297858
Fort Lauderdale, FL  33329-7858

Best Egg
4315 Pickett Rd
Saint Joseph, MO  64503-1600

Bezema Motors Corp.
201 Boston Providence Tpke
Norwood, MA  02062-3932

Capital One
PO Box 30285
Salt Lake City, UT  84130-0285

CHASE
Cardmember Service
PO Box 15548
Wilmington, DE  19886-5548

Coca-Cola
Re: Boston Baddest Burger
PO Box 951073
Dallas, TX  75395-1073

Credit Collection Services
Re: Encompass Ins. Co.
725 Canton St
Norwood, MA  02062-2679

David B. Madoff, Esq.
124 Washington St Ste 202
Foxborough, MA  02035-1368

Eastern Bank
43 Middlesex Tpke
Burlington, MA  01803-4900

Ignite Payments LLC
Re: Boston Baddest Burger
14141 Southwest Fwy
Sugar Land, TX  77478-3493

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

JEMD Realty Trust
588 Washington St
Canton, MA 02021-3046

LoanCare
PO Box 8068
Virginia Beach, VA 23450-8068

Mass. Dept. of Revenue
Bankruptcy
PO Box 9564
Boston, MA 02114-9564

Michael H. Theodore, Esq.
Cohn & Dussi, LLC
500 W Cummings Park Ste 2350
Woburn, MA 01801-6544

Paul & Susan Linehan
3 Apple Ln
Sharon, MA 02067-1501

Paul B. Carroll, Esq.
742 Washington St
Canton, MA 02021-3039

Riccardo L. Rullo, Esq.
424 Broadway
Somerville, MA 02145-2619

Rockland Federal Credit Union
241 Union St
Rockland, MA 02370-1825

RPM
Re: Boston Baddest Burger
20816 44th Ave W
Lynnwood, WA 98036-7744

Santander Bank
75 State St
Boston, MA 02109-1827

Timepayment Corp.
Re: Boston Baddest Burger
1600 District Ave Ste 200
Burlington, MA  01803-5232


Town of Foxborough
Municipal Bldg.
40 South St
Foxborough, MA  02035-2397