## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

CHAPTER 13
CASE NO. 17-11821

|  |  |  |
|---|---|---|
| In Re: | ) | **STIPULATION AND AGREEMENT** |
| KEVIN R. TORTORELLA, | ) | **FOR RELIEF FROM AUTOMATIC** |
| Debtor | ) | **STAY** |

STIPULATION AND AGREEMENT effective as of this 23rd day of August, 2017 by and between Kevin R. Tortorella ("Debtor") an individual residing at 4 Foxhill Road, Foxboro, MA 02035, and Bezema Motors Corporation ("Creditor"), a Massachusetts business corporation with a principal place of business located at 401 Providence Highway, Norwood, MA 02062 (collectively the "Parties"). The Parties hereby agree and state that cause exists for Creditor to obtain relief from the automatic stay with respect to the property identified as 401 Boston-Providence Turnpike, Norwood, Massachusetts 02062 (the "Premises").

### Recitals

A. Debtor operated his business in the service industry by selling food and beverage under the business name "Boston's Baddest Burger" and continues to occupy the Premises;

B. Debtor commenced his bankruptcy case by filing a Chapter 13 Voluntary Petition on May 16, 2017. On July 12, 2017, Creditor filed its Motion for Relief from Automatic Stay Pursuant to 11 U.S.C. §§ 362 (b)(10) and (d)(1).

C. The Creditor sold the Premises on July 17, 2017 after it had terminated the Debtor's tenancy by serving a Notice to Quit. The Purchase and Sale Agreement (the "P&S") obligated the Creditor to deliver the Premises vacant. In the event any tenant remained in possession, the P&S obligates the Creditor to ensure that such a tenant (Debtor) vacates the Premises.

D. The Parties, each having advice of counsel, seek to avoid the cost of litigation and to resolve this matter in a way which both view as partially advantageous enter into this Stipulation and Agreement for Relief from the Automatic Stay (the "Stipulation and Agreement"), intending to be bound.

NOW THEREFORE, based upon the covenants and promises expressed herein, the Parties hereby stipulate and agree as follows:

1. **Modification of Automatic Stay**.  Upon approval of this Stipulation and Agreement by the Court, the Automatic Stay shall be modified solely to the extent permitting the Creditor to commence and prosecute a summary process action to settlement or judgment and execution for possession only against Debtor solely for the purpose of obtaining possession of the Premises.

2. **Scope of Automatic Stay Relief**.  Except to the extent expressly set forth in Paragraph 1 hereof, the provisions of Section 362 of the Bankruptcy Code shall remain in full force and effect and neither the Creditor nor its agents, attorneys or representatives shall take any action or attempt to collect any judgment for non-payment of rent currently due or past due and payable from the Debtor to the Creditor.  Nothing contained herein shall constitute or operate as a waiver or modification of the Automatic Stay so as to permit the prosecution against Debtor of any claims by any person, entity or other creditor, with exception to Creditor as expressly expressed in Paragraph 1 hereof.

3. **Debtor to Vacate**.  Debtor agrees that he shall vacate the Premises which he presently occupies on or before September 22, 2017.  During the remainder of his occupancy Debtor shall not damage the Premises and Creditor shall not interfere with his occupancy.  Debtor shall execute and Agreement for Judgment for possession of the Premises.  In the

event that he fails to vacate on or before September 22, 2017, Creditor may file and commence a summary process action and then file the Agreement for Judgment to regain possession of the Premises.

4. **Mutual Release of All Claims**.  Debtor and Creditor hereby release each other from any and all claims, including without limitation, for any claims for back rent or related to Debtor's use and occupation of the Premises from the beginning of the world to the date of this Stipulation.

5. **Jurisdiction.**  With regard to the relief from automatic stay as provided for in Paragraph 1 hereof, to the extent that a summary process action by the Creditor against the Debtor should become necessary, the Dedham District Court, Commonwealth of Massachusetts, shall retain exclusive jurisdiction.

IN WITNESS WHEREOF, the Parties hereto set their hands and seals as of the date first written above.

Respectfully submitted,
**BEZEMA MOTORS CORP.**                               **KEVIN R. TORTORELLA**
By its attorney,                                      By his attorney,


*/s/ James J. McNulty*                                */s/ Stephen M. Kaplan**
James J. McNulty, Esq.  BBO # 339940                  Stephen M. Kaplan, Esq. BBO #259220
40 Court Street, Suite 1150                           175 Highland Ave, Suite 408
Boston, MA  02108-2202                                Needham, MA 02494
Tel. No. (617) 263-3300                               Tel. No. (781) 248-6407
jjm@jjmcnultylaw.com                                  kaplanlawworks@aol.com


* Signed with permission pursuant to MLBR Appendix 8, Rule 8.