**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

CHAPTER 13
CASE NO. 17-11821

|  |  |  |
|---|---|---|
| In Re:<br>KEVIN R. TORTORELLA,<br>    Debtor | )<br>)<br>)<br>)<br>)<br>) | **JOINT MOTION TO APPROVE**<br>**STIPULATION, AGREEMENT AND**<br>**ORDER GRANTING RELIEF FROM**<br>**AUTOMATIC STAY** |

NOW COME, pursuant to Federal Rules of Bankruptcy Procedure 4001(d) and Massachusetts Local Rules of Bankruptcy Procedure 9019-1(d), creditor Bezema Motors Corp. ("Creditor") and Debtor Kevin R. Tortorella ("Debtor") (collectively referred to as the "Parties") hereby move this Court for an order approving the Stipulation and Agreement for Relief from Automatic Stay[1] (the "Stipulation"). In support of their motion, the Parties state as follows:

1. On May 16, 2017, Debtor commenced his case by the filing a Chapter 13 Voluntary Petition Individual with deficiencies under Chapter 13 of the United States Bankruptcy Code (the "Bankruptcy") [See, Docket No. 1].

2. On July 12, 2017, Creditor filed its Motion for Relief from Automatic Stay Pursuant to 11 U.S.C. §§ 362 (b)(10) and (d)(1) ("Creditor's Motion for Relief from Stay") so the Creditor could obtain the ability to proceed with eviction of the Debtor and to enter the leased property which is a portion of the premises known and numbered as 401 Boston-Providence Turnpike, Norwood, Massachusetts 02062 (the "Property") [See, Docket No. 45].

3. On July 21, 2017, Debtor filed its Opposition to Creditor's Motion for Relief from Stay. [See, Docket No. 51].

---

[1] Agreement attached hereto and marked Exhibit "A"

4. This Court has scheduled a Nonevidentiary Hearing on Creditor's Motion for Relief from Stay to be held on Thursday, August 24, 2017 [See, Docket No. 53].

5. Upon the commencement of the Bankruptcy, the commencement of any action, including but not limited to Creditor's ability to evict Debtor from the Property, was stayed under Section 362(a) of the Bankruptcy Code (the "Automatic Stay").

6. Creditor seeks, and Debtor is willing to consent to, the modification of the Automatic Stay on the terms and subject to the conditions as further described in Paragraph 7 below and the Stipulation so as to allow the commencement and prosecution of Creditor's summary process action against the Debtor.

7. Pursuant to the terms of the Stipulation, the Parties have agreed to modify the Automatic Stay period to allow the Creditor to commence and prosecute a summary process action to a judgment and execution for possession in order to obtain the ability to remove Debtor from possession of the Property and for the Creditor to enter the Property.

8. The Parties, with advice of counsel, have determined that this Settlement Agreement is fair, equitable and a reasonable resolution of the disputed claims which are subject of this adversary proceeding.

9. The Parties request that the Court approve the Stipulation, issue the Order which is attached hereto and marked Exhibit "B" in order to modify the Automatic Stay as agreed upon by the Parties.

WHEREFORE, based upon the foregoing, the Parties request that the Court enter an order approving the Stipulation and granting such other and further relief as is necessary and proper under the circumstances.

Respectfully submitted,
**KEVIN R. TORTORELLA**  **BEZEMA MOTORS CORP.**
By his attorney, By its attorney,


*/s/ Stephen M. Kaplan\**    /s/*James J. McNulty*
Stephen M. Kaplan, Esq. BBO #259220    James J. McNulty, Esq.  BBO # 339940
175 Highland Ave, Suite 408    40 Court Street, Suite 1150
Needham, MA 02494    Boston, MA  02108-2202
Tel. No. (781) 248-6407    Tel. No. (617) 263-3300
kaplanlawworks@aol.com    jjm@jjmcnultylaw.com


Dated: August 23, 2017


\* Signed with permission pursuant to MLBR Appendix 8, Rule 8.